# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                                **CASE NO. 5:22-cr-40055-TC-RES**

**ROGER GOLUBSKI,**

        **Defendant.**

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America, by and through undersigned counsel, respectfully submits the following in response to the defendant's motion to modify the defendant's conditions of release. (Doc. 18). The government requests the defendant's motion be denied.

    I.    **PROCEDURAL HISTORY**

On September 14, 2022, a federal grand jury returned an indictment under seal charging the defendant with six counts of violating 18 U.S.C. § 242 by sexually assaulting two victims—one of whom was a minor—while acting under color of law. All six counts charge that the defendant's conduct included aggravated sexual abuse and an attempt to commit aggravated sexual abuse, and five of the counts charge that the

defendant's conduct included kidnapping and an attempt to commit kidnapping. The six charged counts are all crimes of violence, permitting the government to seek detention under 18 U.S.C. § 3142(f)(1)(A), and they are all punishable by up to life imprisonment, permitting the government to seek detention under 18 U.S.C. § 3142(f)(1)(B). (Doc. 1, Indt. at 1-7.)

On September 15, 2022, after the indictment was unsealed and when the defendant was arraigned, the government moved that the defendant be detained. (Doc. 4, Min. Entry at 1.)

On September 16, 2022, the government filed a memorandum in support of its motion for detention. (Doc. 10, Mtn for Det. at 1-25.)

On September 19, 2022, the court denied the government's motion for detention and ordered the defendant released with specific pretrial conditions of release. (Doc. 13, Order at 1-4.)

On December 21, 2022, the defendant filed a motion to modify conditions of release. (Doc. 18, Mtn to Mdfy Condtns of Release at 1-7.)

II. **ARGUMENT**

The defendant's motion to modify his condition of release to remove the requirement of home detention should be denied. The government, in order not to belabor the point, asks that all its previous arguments and positions as set forth in its Government's Memorandum and Proffer in Support of its Motion for Pretrial Detention (Document 10) be incorporated into this response.

During the court's previous ruling denying the government's motion, the court outlined the statutory factors the court analyzed in making its determination. The court noted that the nature and circumstances of the offense charged weighed heavily against the defendant. The court noted that the weight of the evidence against the defendant was a factor in favor of the government's motion for detention. The court noted that the history and characteristics of the defendant was a split between the government and the defendant. The court noted its concern that serious allegations were leveled at a police officer (since retired) in a position of significant power and trust despite his lack of criminal record. The court noted the defendant's strong ties to the community weighed in his favor. The court then noted that the defendant's medical conditions and being retired from the police force greatly diminished his risk to the community. Ultimately, considering the defendant's persistent health problems, time elapsed since he was last a police officer, and the age of the allegations, the court denied the government's motion. The court concluded that pretrial release with several conditions, including home detention, allowed the court the release the defendant with the least restrictive means necessary.

Since the court's order denying the government's motion, the defendant was indicted in a separate case with multiple co-defendants alleging serious allegations of sexual slavery and sexual abuse of girls who were under the age of eighteen at the time of the offense. (*U.S. vs. Brooks, et al.*, 22-CR-40086-TC). The government did not seek pretrial detention in that case due to the very thorough findings and ruling the court made in this case and the defendant's compliance with the conditions of release in this case.

Rather, the government requested the same conditions in this case be also applied in 22-CR-40086 case. The defendant did not object.

The defendant, in his motion, not surprisingly takes a different position than the government as to the nature and circumstances of the offenses charged and the weight of the evidence against him. Defendant argues there is a financial bias on the part of the two victims in the above captioned case. The government is not aware of any financial benefit that either woman received from the LaMonte McIntyre settlement. Although that civil lawsuit resulted in a multi-million dollars settlement, it is the government's understanding that neither woman was a plaintiff in the lawsuit and neither received any financial benefit or payout.

Defendant also points to the difference of conditions between himself and two of his co-defendants in the 22-CR-40086 case. Those two individuals are not former police officers, and they are not facing serious charges in a separate case alleging serious civil rights offenses involving sexual exploitation by a police officer of women, one of whom was under the age of eighteen at the time of the offense.

The government's case involves allegations that are decades old and were committed by a highly trained and experienced homicide detective. Although much of the case evidence is circumstantial, that is to be expected under those circumstances and with these types of charges. However, for the defendant to characterize the evidence as consisting of only uncorroborated allegations is not a fair characterization. Not surprisingly, the government and defendant disagree about what constitutes corroboration.

The government reminds the court of the information it outlined in its memorandum in support of detention. (Doc. 10, 1-25.). The investigation uncovered scads of women who provided similar information regarding their interactions with the defendant. Additionally, in the 22-CR-40086 case, the two victims in that case had no connection to the Lamonte McIntyre case or the civil lawsuit brought by Cheryl Pilate. Those victims were found independently by the FBI. One of those victims provided similar information regarding her interaction with and observations of the defendant.

The defendant argues that his home confinement is further jeopardizing his health. We all learned over the last several years through the pandemic that adjustments can be made, and that regular exercise can occur in the home. There is nothing preventing the defendant from adjusting his exercise regiment so that it can occur at his home.

### III.  CONCLUSION

Based upon the nature and circumstances of the offense, the weight of the evidence against the defendant, the defendant's history and characteristics, and the nature and seriousness of the danger to others and the community, the government respectfully moves this Court to deny the defendant's motion.

Respectfully submitted,

DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ *Stephen A. Hunting*
Stephen A. Hunting
Assistant United States Attorney

District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas 66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: stephen.hunting@usdoj.gov
Ks. S. Ct. No. 21648

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2023, I electronically filed the foregoing with the clerk of the court by using CM/ECF system which will send a notice of electronic filing to the following:


Christopher M. Joseph
Attorney for the Defendant
1508 S.W. Topeka Blvd
Topeka, KS 66612
785-234-3272
785-234-3610 (fax)
cjoseph@josephhollander.com