## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

                     Plaintiff,

v.

**ROGER GOLUBSKI**,

                     Defendant.

Case Numbers:  22-40055-TC
                        22-40086-TC-4

## ORDER DENYING MOTION TO MODIFY CONDITIONS OF RELEASE

On December 21, 2022, Defendant Roger Golubski filed a Motion to Modify Conditions of Release in his two pending cases in this District to remove the condition of home detention. Case No. 22-40055, ECF No. 18; Case No. 22-40086.[1] The Government opposes this Motion. ECF No. 19.

On January 12, 2023, the Court conducted a hearing on this Motion. For the reasons stated on the record at the hearing and as further discussed below, this Motion is denied.

## I.  FACTUAL AND LEGAL BACKGROUND

Defendant is a former police officer who has been charged in two Indictments. On September 14, 2022, Defendant was charged with six counts of Deprivation of Civil Rights in violation of 18 U.S.C. § 242. ECF No. 1. The conduct underlying the charges includes alleged aggravated sexual abuse and kidnapping. The Government orally moved for detention at his Initial Appearance on September 15, 2022, ECF No. 4, and then filed a motion for detention on September 16, 2022. ECF No. 10.

---

[1]      Unless otherwise noted, all ECF numbers in this Order are to Case No. 22-40055.

On September 19, 2022, the Court conducted a detention hearing. As detailed on the record and pursuant to 18 U.S.C. § 3142, the Court ultimately denied the Government's request for pretrial detention. At that time, U.S. Probation proposed a combination of conditions of release that were designed to reasonably assure the safety of the community based on Defendant's unique characteristics, including his medical health, his previous employment as a police officer, the seriousness of the allegations and his past conduct. These conditions included home detention. At the detention hearing, Defendant was asked whether he wished to voice any objections to the proposed conditions. Counsel for Defendant stated: "Judge, in my initial discussion with Mr. Golubski, I told him that these types of conditions, if he were graced with release, he would have to live by them. And he understands them and we don't have an objection to that." ECF No. 15 at 42.

On the record at that hearing, the Court reviewed and discussed some of the critical conditions of release. With regard to home detention, the Court stated that with few exceptions, such as meeting with his attorney, medical treatment, religious services and court-ordered obligations, "you are detained in your home. And again, that's an important part [] of the conditions here." *Id.* at 44-45. Defendant signed the Order Setting Conditions of Release, including the home detention condition. ECF No. 13.

On November 10, 2022, Defendant was charged in a second multi-count Indictment. Case No. 22-40086, ECF No. 1. Defendant is charged in Count 1, Conspiracy against Rights, and Count 3, Involuntary Servitude. *Id.* For Count 3, the underlying conduct includes allegations of sexual and physical abuse and kidnapping of a child, who was then under the age of 18 years. *Id.* At his initial appearance on November 14, 2022, the Government did not request detention because of the Court's denial of its motion for detention in the other pending case. ECF No. 12. U.S.

Probation recommended that Defendant be released on conditions that were nearly identical to those in the other pending case, including home detention.  The Government requested those same conditions and Defendant signed the Order Setting Conditions of Release.  ECF No. 14.

Approximately five weeks after that hearing, Defendant filed this Motion.

## II.    ANALYSIS

In the Motion and the Opposition, neither side cited to the standard the Court should apply in evaluating this Motion.  As discussed at the hearing, both sides agree that 18 U.S.C. § 3142(c)(3) is the relevant standard.  That provision states that the "judicial officer may at any time amend the order to impose additional or different conditions of release."[2]  In addition to 18 U.S.C. § 3142(c)(3), 18 U.S.C. § 3142(c)(1)(B) continues to require that the defendant be "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ."

At the hearing and in his Motion, Defendant unsuccessfully raises three arguments for why the home confinement condition should be removed.  *First*, Defendant's Motion alleges that the "timing and context" of the allegations made by the two victims listed in the Indictment "are incredibly suspicious."  ECF No. 42 at 2.  Defendant argues that the alleged victims were motivated purportedly by financial reasons, that discovery in the litigation "has not produced any evidence

---

[2]      Neither side argued that the two-prong analysis in 18 U.S.C. § 3142(f)(2)(B) applies here, where the issue is not reopening the issue of detention but is instead modifying conditions of release.  *See* 18 U.S.C. § 3142(f)(2)(B) ("The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.").

corroborating" their claims, and that Mr. Golubski's Co-Defendants in Case No. 22-40086 have "denied Mr. Golubski's participation in criminal activity even as they admitted to witnessing and/or participating in criminal conduct themselves."  ECF No. 42 at 2-3.[3]

Not surprisingly and as further explained at the hearing, the Government disagrees with these arguments, including the characterization of the merits of the underlying charges.  With regard to the alleged absence of corroboration, the Government responds in part by citing to its previously filed Memorandum in Support of its Motion for Pretrial Detention, which contains similar allegations asserted against Defendant by other individuals.  ECF No. 10.

While the weight of the evidence against Defendant is one of the factors the Court must consider in making a detention decision, the Court must consider this factor in the context of all of the relevant factors the Court must consider pursuant to 18 U.S.C. § 3142.  *See, e.g., United States v. Ramos-Caballero*, No. 21-2098, 2021 WL 5176051, at *2 (10th Cir. Nov. 8, 2021) (discussing the framework for evaluating pretrial detention and stating that a district court should not make a "categorial decision" about detention based solely on the weight of the evidence and should instead evaluate all of "the relevant factors" to make an "individualized determination" based on those factors).  When all of the factors are considered with regard to Defendant's unique circumstances, home detention combined with the other conditions of release continue to be the

---

[3]        Defendant asserts that "Mr. Golubski's co-defendants, who are accused of equally if not more egregious offenses than he, have been released without a requirement of home detention."  ECF No. 42 at 3.  Cecil Brooks, one of the co-defendants, waived his right to a detention hearing because he is currently incarcerated, so the issue of home detention was never discussed and he was not released.  Case No. 22-40086-TC, ECF No. 26.  With regard to the other two co-defendants, neither is a former police officer and neither is charged in Mr. Golubski's other indictment.  These individuals simply pose different risks to the community and their conditions of release reflect those differences.

least restrictive combination of conditions to reasonably assure the safety of any other person and the community.

*Second*, Defendant argues that home detention is "jeopardizing his health." ECF No. 42 at 6. Defendant's Motion provides no factual support for this assertion. Defendant states only "[s]ince Mr. Golubski completed the cardiac rehabilitation services for his heart bypass surgery earlier this year, confinement in his small home means disregarding his physician's direction to continue rehabilitation on his own with regular exercise." ECF No. 42 at 6.

Mr. Golubski's health issues, including his cardiac rehabilitation, were known at the time of the original detention hearing and the November 14th hearing. *See generally* Pretrial Services Report. As discussed on the record at the September 19, 2022 detention hearing, his physical health challenges were part of the reason the Government's motion for pretrial detention was denied. No concerns were raised at that hearing regarding any adverse impact home detention could have on his health and Defendant does not cite to any changes in his health since the hearing. Defendant does not explain why he is unable to "continue rehabilitation on his own with regular exercise." As the Government persuasively argues, "regular exercise can occur in the home. There is nothing preventing the defendant from adjusting his exercise regiment so that it can occur at his home." ECF No. 19 at 5.

*Third,* Defendant argues that FBI officers surveilling Defendant stated in their surveillance logs that "he is not considered to be dangerous . . . ." ECF No. 42 at 6. As discussed on the record at the hearing, the surveillance reflected in these logs was not continuous and does not appear to reflect surveillance during the night or on weekends. More importantly, however, these logs reflect surveillance before Defendant was indicted on very serious charges in two separate criminal cases.

Now, Defendant faces charges that are potentially punishable by life imprisonment, which may have a material change on his actions.  ECF No. 1 at 7.

Home detention continues to be a condition necessary to address the specific risks Defendant poses to the community and to his alleged victims, particularly when the Government has alleged that Defendant would re-visit his victims, even years after the underlying conduct.  *See, e.g.,* ECF No. 10 at 17 (discussing that with regard to one victim, years after the victim moved, Defendant appeared in her hospital room, which terrified the alleged victim).

At the motion hearing, alternatives to the home detention condition were considered.  For example, it may be possible to set up zones throughout Kansas City where Defendant would be prohibited from entering, such as areas in which witnesses may reside.  Location monitoring would then create notifications if Defendant entered those zones.  The Government, however, noted that many of the alleged witnesses have intentionally moved residences and have kept their new home information private out of fear of what could happen if their new addresses were known by Defendant.  Setting up zones, which would contemporaneously notify Defendant when he was near those witnesses, would create new and additional risks to the safety of individuals in the community.  The current home detention condition, combined with the additional conditions of release, remain the least restrictive combination of conditions that will reasonably assure the safety of the community.

## CONCLUSION

For the reasons discussed in this Order and on the record at the hearing, Defendant's Motion is denied.

Dated January 18, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge