### In the United States District Court
### for the District of Kansas

――――――――――

Case No. 5:22-cr-40055-TC-1

――――――――――

UNITED STATES OF AMERICA,

*Plaintiff*

v.

ROGER GOLUBSKI,

*Defendant*

――――――――――

### ORDER

The Kansas City Star and Scripps Media, Inc., d/b/a KSHB-TV filed a motion seeking leave to intervene in a criminal matter and for an order allowing them "to stream video and audio" of the forthcoming trial. Docs. 156 & 157. That motion is DENIED.

\* \* \*

The Federal Rules of Criminal Procedure contain no mechanism for third-party intervention in criminal proceedings. *See, e.g.*, *United States v. Gorski*, 20-20018, 2023 WL 7495945, at \*2 (D. Kan. Nov. 13, 2023). And the Star does not argue to the contrary. Doc. 157 at 1–7. It is true that "courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) (collecting cases). That rare situation does not apply in this case because, as the Star has recognized, the trial has not been closed. Doc. 157 at 6. To the contrary, the trial will be open to the public and provisions have been made to facilitate an overflow area in a manner that is conducive to a fair adjudication. Doc. 154. The Star's motion provides no basis on which to believe its

rights are implicated to the degree that would warrant permitting the extraordinary remedy of intervention in a criminal case.

\* \* \*

Yet even if intervention were permitted, the Star's motion has failed to demonstrate an entitlement to broadcast the trial. It relies on alleged inaccessibility of the courtroom and proximity to the courthouse as the basis to support its request. Doc. 157 at 7–17. Neither of these rationales warrant the relief being sought.

Take access first. The courtroom will be open to the public at all times during the trial and, even assuming the number of attendees interested in watching the trial exceeds the physical capacity of the existing courtroom, accommodations have been made for additional attendees to listen to the proceedings from an overflow courtroom. Doc. 154 at ¶¶ 4, 5. That access fully comports with the Sixth Amendment right to a public trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."); *see also United States v. Allen*, 34 F.4th 789, 794–96 (9th Cir. 2022) (explaining the purpose served by the guarantee of a public trial); Akhil Reed Amar, *The Bill of Rights*, at 104–18 (1998) (reviewing historical sources to explore and explain the nature of the public trial provision and its relationship to Article III's reservation of a jury trial).

Proximity also fails to justify the relief being sought. It is true that the crimes are alleged to have occurred in Kansas City and the trial is occurring in Topeka. But that is because the Superseding Indictment requested that the trial occur in Topeka, Doc. 73 at 6, and neither party has sought to change that venue. While holding the trial in Topeka may be less convenient for some individuals interested in attending the trial, the Star's motion has not made a convincing showing that the distance between Kansas City and Topeka will prevent the public or the press from attending trial. Anecdotal experience is actually to the contrary. For example, individuals interested in a recent hearing in this matter gathered outside the courthouse before the hearing and a Kansas City news station covered both that gathering and the courtroom proceeding. *See, e.g.*, Samantha Boring, *Judge taking 30 days to decide on Roger Golubski's motion to dismiss indictment*, KCTV5 (May 30, 2024, 6:39 PM), https://www.kctv5.com/2024/05/30/judge-taking-30-days-decide-roger-golubskis-motion-dismiss-indictment/. The Decorum Order and its implementation of the Local Rules will result in a trial that is

both open to the public and will lead to a fair adjudication on the merits. *Contra* Doc. 157 at 14–17 (suggesting without authority or reasoned argument that the local rules are unconstitutional).

\* \* \*

The Star's motion is denied. It has failed to establish a right to intervention and, even if intervention were proper, has identified no basis for the relief it seeks.

It is so ordered.

Date:  November 29, 2024          _s/ Toby Crouse_____
                                  Toby Crouse
                                  United States District Judge